

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50058 | **DATE** | 9/30/2002 |
| **CASE TITLE** | Walker vs. Mains, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | SEP 3 0 2002 date docketed | 32 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 9-30-02 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Walker, has filed a two-count amended complaint against defendants, Paul D. Mains, Jason Niles, Eddie Houi, Gary Arbisi, Henry Wright, Officer Johnson, and David Huff, all of whom are sued in their individual and official capacities as either deputies of the Winnebago County Sheriff's Office or corrections officers of the Winnebago County Jail ("Jail"). Bringing his complaint under 42 U.S.C. § 1983, Walker claims that, while he was a pretrial detainee at the Jail, defendants failed to protect him from assaults by other inmates (Count I) and were deliberately indifferent to his serious medical needs (Count II) in violation of his Fourteenth Amendment rights. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391. Before the court is defendants' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

Before turning to the merits, one important procedural point is in order. After being given thirty days to respond to defendants' motion, Walker subsequently requested and received two extensions of the deadline to file his response. The last deadline, September 6, 2002, has long since passed and Walker has filed nothing as of today's date. This means that all of the facts contained in defendants' Local Rule ("LR") 56.1(a) statement of facts, which are supported by citations to the record, are deemed admitted. LR 56.1(b)(3)(B); Brasic v. Heinemann's Inc., 121 F.3d 281, 284 (7th Cir. 1997). This also means – because Walker has not filed any statement of additional facts – the court will not be scouring the record to find a genuine issue of fact on Walker's behalf. See id. at 285.

In light of his failure to respond to defendants' motion, Walker has no chance of surviving summary judgment. Turning to Count II first, to prove defendants were deliberately indifferent to his serious medical needs, Walker must establish (1) he suffered an injury that was objectively, sufficiently serious and (2) defendants were aware of a substantial risk of serious injury to him but nevertheless failed to take appropriate steps to protect him from a known danger. See Jackson v. Illinois Medi-Car, Inc., 300 F.3d 760, 764-65 (7th Cir. 2002). Shortly before his incarceration, Walker had suffered and was being treated by his own physician, Dr. Whiteley, for a fractured jaw. In Count II of his amended complaint, he claims that, after entering the Jail, defendants deliberately ignored his requests for pain medication and antibiotics for his jaw, denied him an opportunity to consult with Dr. Whiteley, and generally delayed his efforts to obtain medical treatment for his jaw. (Am. Compl. ¶ 14) But even assuming he made such requests and demands to the named defendants (whose own LR 56.1(a) statement of facts does not explain at all their personal involvement in Walker's claim), it is undisputed that Walker was in fact allowed to visit Dr. Whiteley on three separate occasions during his stay in the Jail, he saw the Jail's own doctor twice, and was taken to a local hospital for an x-ray and CT scan. Walker also testified in his deposition that he could not recall, but could not deny, receiving pain medication, antibiotics, penicillin, and Motrin during his stay in the Jail, and that a Jail nurse changed the dressing on an abscess in his mouth, formed as a result of the fractured jaw, that Dr. Whiteley had previously treated. Even Dr. Whiteley testified in his deposition that Walker had been making good overall progress in his recovery while Walker was in the Jail. Based on all of this uncontradicted evidence, the court finds the Jail staff provided adequate medical care to Walker and defendants were not deliberately indifferent to his serious medical needs.

Count I is equally without merit. In it Walker alleges that, due to the overcrowding at the Jail and the fact that other inmates were constantly jostling and bumping into him, defendants should have placed him in an isolation cell or the infirmary to protect his jaw from being further injured. He further claims the Jail staff was aware of his fractured jaw and defendants specifically denied his own requests to be put in isolation or the infirmary. (Am. Compl. ¶¶ 7-9) Walker thus seems to suggest the condition of his jaw was so fragile that the routine, inherent dangerousness of prison life itself represented a serious risk of injury to him, about which defendants were personally aware and from which they were required to protect him. Walker of course has not pointed out any evidence to support such a claim (again because he has not responded at all to defendants' motion) and, as is well known, he may not rely on the allegations of his complaint to defeat summary judgment. See Shermer v. Illinois Dep't of Transp., 171 F.3d 475, 478 (7th Cir. 1999). In any event, it is undisputed Dr. Whiteley did not prescribe isolation for Walker, so even Walker's own doctor apparently thought his jaw could handle the normal pushing and shoving inside a jail.

Instead, Walker testified that he was attacked twice by other inmates in the Jail, the first time by two inmates who each kicked him in the head and neck area once, and the second time by a different inmate who hit him on the head, mouth, and jaw, and put him in a headlock. While these attacks may not be considered the normal incidents of prison life, Walker specifically admitted in his deposition that both attacks were completely random and defendants had no way of anticipating the other inmates were going to attack him. Nor can the court see anything unusual about having an injured jaw that would have made Walker more susceptible to violence from other inmates, which defendants also would have known about. Finally, nothing about the first attack would have alerted defendants to the likelihood of the second attack, as different inmates were responsible for each. Cf. Peate v. McCann, 294 F.3d 879, 883 (7th Cir. 2002). In short, there is simply no evidence from which to infer defendants actually knew of a substantial risk that the other inmates would seriously harm Walker but failed to prevent them from doing so. See Peate, 294 F.3d at 882-83; Mayoral v. Sheahan, 245 F.3d 934, 938-39 (7th Cir. 2001).

For the reasons stated above, defendants' motion for summary judgment is granted. This case is hereby dismissed in its entirety.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Michael Walker

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 99 C 50058

Officer Mains, et al.

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 9/30/2002

Susan M. Wessman, Deputy Clerk